Dodd Law Firm, P.C.
Matthew A. Dodd
2020 Charlotte St., Suite 12
Bozeman, MT 59718
406.577.2145
406.219.0256 fax
matt@doddlawfirmpc.com

*Attorney for Plaintiff Nina Baker*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| **Nina G. Baker**, <br><br> Plaintiff, <br> vs. <br><br> **Gallatin Creeks to Peaks, LLC**, <br><br> Defendant. | Case No. <br><br> Judge <br><br> **Complaint, Demand for Jury Trial, and Request for Preliminary Injunction** |

Plaintiff, Nina G. Baker, by and through her undersigned attorney, files this Complaint, Demand for Jury Trial, and Request for Preliminary Injunction against Defendant, Gallatin Creeks to Peaks, LLC, alleging the following:

## INTRODUCTION

1. This is a case about a landlord who has ignored his disabled tenant's request for equal treatment, refused to make a reasonable accommodation for her disability, and then retaliated when she attempted to exercise her rights.

*Baker v. Gallatin Creeks to Peaks, LLC*, Case No. _____
Complaint, Demand for Jury Trial, and Request for Injunction
–1 of 15–

2. Despite Ms. Baker's documented disability, her landlord, Gallatin Creeks to Peaks, LLC, has refused to make a reasonable accommodation for her emotional support dog, improperly charged a fee for the support dog's presence in her apartment, threatened to evict her, and is actively attempting to breach the parties' lease agreement.

## PARTIES

3. Plaintiff, Nina G. Baker ("Ms. Baker"), is a resident of Bozeman, Gallatin County, Montana.

4. Defendant, Gallatin Creeks to Peaks, LLC ("Creeks to Peaks" or "Landlord"), is a Montana Limited Liability Corporation with its principle place of business in Bozeman, Gallatin County, Montana.

5. During all relevant times, Ms. Baker was a tenant of Landlord, Creeks to Peaks.

## JURISDICTION and VENUE

6. This Court has original and exclusive jurisdiction over Ms. Baker's discrimination and interference claims pursuant to 28 U.S.C. § 1331 because her claim arises under federal law.

7. To the extent that there are state issues regarding breach of contract, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 because the issues are so related to claims in the action within such original jurisdiction (Plaintiff's

*Baker v. Gallatin Creeks to Peaks, LLC*, Case No. _____
Complaint, Demand for Jury Trial, and Request for Injunction
–2 of 15–

claims of discrimination pursuant to 42 U.S.C. § 3604 and interference and retaliation pursuant to 42 U.S.C § 3617) that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper under 28 U.S.C. § 1391(b)(1)–(2) because Defendant's principal place of business is in this district and the tort occurred in this district.

## FACTUAL ALLEGATIONS

### Ms. Baker Rents an Apartment from Creeks to Peaks

9. Creeks to Peaks provides a variety of property management services, including: tenant placement, credit screening, maintenance, property inspections, collections, evictions, and monthly financial reporting.

10. Creeks to Peaks manages a variety of multi-family housing options in Bozeman, Montana, including apartments at 2230 Baxter Lane.

11. On August 1, 2016, the parties executed a lease in which Ms. Baker would rent apartment #7 at 2230 Baxter Lane. Mical McDonough, an actual or ostensible agent of Creeks to Peaks, signed as Landlord. *See* August 1, 2017 Lease Agreement, attached as Exhibit A.

12. Section 1.6 of the parties' Lease Agreement states that Ms. Baker would not be entitled to have a pet in her apartment. *Id.* at 2.

*Baker v. Gallatin Creeks to Peaks, LLC*, Case No. _____
Complaint, Demand for Jury Trial, and Request for Injunction
–3 of 15–

13.     Section 3.11 of the Lease Agreement states, "Civil rights laws of the United States prohibit housing discrimination on the basis of sexual orientation, race, religion, sex, national origin, color, handicap, or familial status. All parties to this Rental Agreement shall act according to said law." *Id.* at 6.

## Ms. Baker Alerts Creeks to Peaks that She Requires a Reasonable Accommodation

14.     Less than a month after Ms. Baker began her tenancy, she informed Creeks to Peaks that she required an emotional support dog as a reasonable accommodation for her disability. *See* August 18, 2016, Request for Reasonable Accommodation and Verification of Status as a Disabled Person, attached as Exhibits B and C.

15.     On August 26, 2016, Ms. Baker followed up with Creeks to Peaks, noting that she had filed their requested paperwork, met personally with Mr. McDonough, and asking when they could expect a decision from Creeks to Peaks. *See* August 26, 2016 E-mail from Nina Baker to Creeks to Peaks Administrative Assistant, attached as Exhibit D.

16.     Ms. Baker also provided Creeks to Peaks with a letter from Paige T. Taylor, MA LCPC, with Bridger Psychiatric Services. *See* August 25, 2017 Letter from Paige T. Taylor, attached as Exhibit E.

*Baker v. Gallatin Creeks to Peaks, LLC*, Case No. _____
Complaint, Demand for Jury Trial, and Request for Injunction
–4 of 15–

17. In the letter, Ms. Taylor states, "[Ms. Baker] is a person with a disability as that term is defined under the 'Americans with Disabilities Act,' and the 'Fair Housing Act.' In other words, she has a mental impairment which substantially limits one or more of her major life activities." *Id.*

18. Ms. Taylor made clear that "[a]n emotional support dog will help to ameliorate [Ms. Baker]'s symptoms by way of reducing her anxiety and providing emotional support in her daily hygiene routine," and an emotional support dog will allow Ms. Baker "to fully use and enjoy her apartment to the same degree as people without disabilities…." *Id.*

19. Ms. Taylor then listed the specifics of Ms. Baker's reasonable accommodation, which include that the dog "be of a large breed," the dog "be obtained as a puppy," and Ms. Baker "live in a second or third floor unit." *Id.*

20. In addition to providing Creeks to Peak with the letter from her mental health professional and additional, requested documentation, Ms. Baker alerted Creeks to Peaks before she picked up the emotional support dog so that Creeks to Peaks could "black light" the apartment. *See* June 14, 2017 E-mail from Nina Baker to Creeks to Peaks Administrative Assistant, attached as Exhibit F.

*Baker v. Gallatin Creeks to Peaks, LLC*, Case No. _____
Complaint, Demand for Jury Trial, and Request for Injunction
–5 of 15–

## Creek to Peaks Erects Hurdles to Prevent
## Ms. Baker's Reasonable Accommodation

21. Despite Ms. Baker's cooperation with Creeks to Peaks' requirements, Creeks to Peaks' sought to impose further barriers to Ms. Baker's reasonable accommodation.

22. Creeks to Peaks requested that Ms. Baker complete an additional Pet Lease. *See* June 27, 2017 E-mail from Creeks to Peaks Administrative Assistant to Ms. Baker, attached as Exhibit G.

23. Creeks to Peak required Ms. Baker to sign this Pet Lease even though the U.S. Department of Housing and Urban Development ("HUD") has made clear that "[a]n assistance animal is not a pet. It is an animal that works, provides assistance, or performs tasks for the benefit of a person with a disability, or provides emotional support that alleviates one or more identified symptoms or effects of a person's disability." *See* April 25, 2013 HUD Memo re: Service Animals and Assistance Animals for People with Disabilities in Housing and HUD-Funded Programs, p. 2, attached as Exhibit H.

*Baker v. Gallatin Creeks to Peaks, LLC*, Case No. _____
Complaint, Demand for Jury Trial, and Request for Injunction
–6 of 15–

## Creeks to Peaks Interferes and Retaliates when Ms. Baker Exercises of Her Right to a Reasonable Accommodation

24. On June 23, 2017, when it discovered that Ms. Baker had brought her emotional support dog into the apartment, Creeks to Peaks charged her fifteen dollars ($15.00) for an unauthorized pet.

25. Creeks to Peaks charged this unauthorized pet fee even though HUD has made clear that "[a]n assistance animal is not a pet." *Id.*

26. In addition, when it discovered that Ms. Baker had brought her emotional support dog into the apartment, Creeks to Peaks presented her with an eviction notice, demanding that Ms. Baker vacate the apartment "within (3) days of this notice for an UN AUTHORIZED DOG [sic]." *See* June 23, 2017 Eviction Notice, attached as Exhibit I.

27. In addition to threatening eviction, the Notice stated that Creeks to Peaks would seek "up to (3) three months [sic] rent or treble damages, whichever is greater," for Ms. Baker's noncompliance. *Id.*

28. Creeks to Peaks also charged Ms. Baker $4.15 for the postage it used to send the improper eviction notice.

29. Fearing eviction, Ms. Baker removed her emotional support dog from the apartment and moved it to the home of a family member.

*Baker v. Gallatin Creeks to Peaks, LLC*, Case No. _____
Complaint, Demand for Jury Trial, and Request for Injunction
–7 of 15–

30. To continue bonding with her emotional support dog, Ms. Baker began sleeping at the home of her family member.

31. On June 30, 2017, Ms. Baker, through counsel, sent a letter to Mical McDonough at Creeks to Peaks demanding that Creeks to Peaks make a reasonable accommodation for her emotional support dog. The letter was sent via e-mail, fax, and USPS First Class Mail and was followed with a phone call to Creeks to Peaks' Emergency line.

32. On July 5, 2017, before Creeks to Peaks responded to the letter, it sent Ms. Baker a Notice of Lease Termination, attached as Exhibit J.

33. Section 1.2(1) of the parties' Lease Agreement makes clear:

> Upon expiration of the initial Rental Agreement Term, Landlord and Tenant agree to accept as a default extension period for the Rental Agreement chosen by the Tenant pursuant to subsection (2) below. This renewal term shall become effective if a revised Rental Agreement is not agreed to or if neither party gives a 30 (thirty) day written notice of termination to the other prior to this Agreement's original termination date.

34. Section 1.2(2) of the Lease Agreement goes on to state that "[u]pon expiration, unless 30 (thirty) days written notice is provided to the Landlord, the Tenant agrees that the Rental Agreement shall automatically renew on a month-to-month basis."

*Baker v. Gallatin Creeks to Peaks, LLC*, Case No. _____
Complaint, Demand for Jury Trial, and Request for Injunction
–8 of 15–

35. In spite of the language in section 1.2 of the Lease Agreement, the Notice of Lease Termination purports to terminate Ms. Baker's tenancy on July 31, 2017, which is just twenty-six (26) days after the letter was delivered.

36. To date, Creeks to Peaks has refused to make a reasonable accommodation for Ms. Baker's emotional support dog.

## Ms. Baker Continues to Suffer Irreparable Injury

37. Ms. Baker has, is, and continues to suffer irreparable injury because she has been constructively evicted from her apartment and cannot fully use and enjoy her apartment to the same degree as a person without a disability.

38. Ms. Baker has, is, and continues to suffer irreparable injury because it is unlikely she will be able to fully use and enjoy her apartment to the same degree as a person without a disability throughout the duration of her tenancy.

39. Ms. Baker has, is, and continues to suffer irreparable injury because Creeks to Peaks is attempting to force her to find alternative housing by July 31, 2017, a full month before the parties' Lease Agreement should rightfully terminate if a provides the proper thirty (30) days' written notice.

*Baker v. Gallatin Creeks to Peaks, LLC*, Case No. _____
Complaint, Demand for Jury Trial, and Request for Injunction
–9 of 15–

## CAUSES OF ACTION

### First Cause of Action
### Discrimination under the Fair Housing Act
### 42 U.S.C. § 3604

40. Ms. Baker incorporates, by reference, the allegations in the foregoing paragraphs.

41. Creeks to Peaks rents apartments at 2230 Baxter Lane, Bozeman, Montana, that are subject to the Fair Housing Act, 42 U.S.C. § 3601, et seq.

42. Section 3.11 of the parties' Lease Agreement states, "Civil rights laws of the United States prohibit housing discrimination on the basis of sexual orientation, race, religion, sex, national origin, color, handicap, or familial status. All parties to this Rental Agreement shall act according to said law."

43. Pursuant to 42 U.S.C. § 3604, Creeks to Peaks was prohibited from discriminating against disabled tenants. Creeks to Peaks was specifically prohibited from refusing "to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling…."
42 U.S.C. § 3604(f)(3)(B).

44. Ms. Baker rented apartment #7 at 2230 Baxter Lane, Bozeman, Montana, an apartment that is subject to the provisions of 42 U.S.C. § 3604.

*Baker v. Gallatin Creeks to Peaks, LLC*, Case No. _____
Complaint, Demand for Jury Trial, and Request for Injunction
−10 of 15−

45. Ms. Baker provided Creeks to Peaks reasonable and sufficient notice that she required an emotional support dog as a reasonable accommodation for her disability.

46. In support of her request, Ms. Baker provided Creeks to Peaks with a letter from Paige T. Taylor, MA LCPC, with Bridger Psychiatric Services, explaining her disability and her requested reasonable accommodation.

47. In spite of Ms. Baker's provision of reasonable and sufficient notice of her disability and her requested reasonable accommodation, Creeks to Peaks continues to violate 42 U.S.C. § 3604(f)(3)(B) because it has refused to allow Ms. Baker a reasonable accommodation for her emotional support dog.

48. In contrast, Creeks to Peaks sought to require Ms. Baker to sign a Pet Lease, threatened to evict her when she brought her emotional support dog into her apartment, and threatened to prematurely terminate her tenancy.

49. As the direct and proximate result of Creek to Peak's discrimination under 42 U.S.C. § 3604, Ms. Baker suffered emotional, financial, and other damages.

## Second Cause of Action
## Retaliation and Interference under the Fair Housing Act
## 42 U.S.C. § 3617

50. Ms. Baker incorporates, by reference, the allegations in the foregoing paragraphs.

*Baker v. Gallatin Creeks to Peaks, LLC*, Case No. _____
Complaint, Demand for Jury Trial, and Request for Injunction
–11 of 15–

51. Creeks to Peaks rents apartments at 2230 Baxter Lane, Bozeman, Montana, that are subject to the Fair Housing Act, 42 U.S.C. § 3601, et seq.

52. Section 3.11 of the parties' Lease Agreement states, "Civil rights laws of the United States prohibit housing discrimination on the basis of sexual orientation, race, religion, sex, national origin, color, handicap, or familial status. All parties to this Rental Agreement shall act according to said law."

53. Pursuant to 42 U.S.C. § 3617, Creeks to Peaks was prohibited from "coerc[ing], intimidate[ing], threaten[ing], or interfer[ing] with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."

54. Ms. Baker rented apartment #7 at 2230 Baxter Lane, Bozeman, Montana, an apartment that is subject to the provisions of 42 U.S.C. § 3617.

55. Ms. Baker provided Creeks to Peaks reasonable and sufficient notice that she required an emotional support dog as a reasonable accommodation for her disability.

56. In support of her request, Ms. Baker provided Creeks to Peaks with a letter from Paige T. Taylor, MA LCPC, with Bridger Psychiatric Services, explaining her disability and her requested reasonable accommodation.

*Baker v. Gallatin Creeks to Peaks, LLC*, Case No. _____
Complaint, Demand for Jury Trial, and Request for Injunction
−12 of 15−

57. In spite of Ms. Baker's provision of reasonable and sufficient notice of her disability and her requested reasonable accommodation, Creeks to Peaks violated 42 U.S.C. § 3617 for the following (but not limited to the following) reasons:

   a. Threatening to evict Ms. Baker for bringing her emotional support dog into her apartment;

   b. Charging Ms. Baker for the postage of the Notice of Eviction;

   c. Charging Ms. Baker an unauthorized pet fee when she brought her emotional support dog into her apartment; and

   d. When it threatened to prematurely terminate Ms. Baker's lease without proper and timely notification.

58. As the direct and proximate result of Creek to Peak's violation of 42 U.S.C. § 3617, Ms. Baker suffered emotional, financial, and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Baker requests that the Court provide Ms. Baker the following relief under 42 U.S.C. § 3613:

   a. A preliminary injunction requiring that Creeks to Peaks immediately allow Ms. Baker to reside in apartment #7, 2230 Baxter Lane, Bozeman, Montana, with her emotional support dog;

*Baker v. Gallatin Creeks to Peaks, LLC*, Case No. _____
Complaint, Demand for Jury Trial, and Request for Injunction
−13 of 15−

b.     A preliminary injunction prohibiting Creeks to Peaks from imposing any restrictions, obligations, or hurdles (including the signing of a Pet Lease and/or provision of a Pet Deposit) on Ms. Baker for her emotional support dog;

c.     A ruling that Ms. Baker is entitled to reside in her apartment until at least August 31, 2017;

d.     A permanent injunction requiring Creeks to Peaks to abide by its obligations under the Fair Housing Act, 42 U.S.C. § 3604, et seq. and preventing Creeks to Peaks from illegally discriminating against other disabled tenants and/or potential tenants;

e.     Trial by jury;

f.     General, compensatory, and consequential damages to be proven at trial in an amount to be determined by the enlightened conscious of the jury;

g.     Punitive damages sufficient to deter future discriminatory conduct in an amount to be determined by the enlightened conscious of the jury;

h.     Costs incurred herein, including reasonable attorney fees;

i.     Pre- and post-judgment interest; and

j.     Such other legal and equitable relief as the Court deems necessary, just, and proper.

*Baker v. Gallatin Creeks to Peaks, LLC*, Case No. _____
Complaint, Demand for Jury Trial, and Request for Injunction
–14 of 15–

Dated this 7th day of July 2017.

DODD LAW FIRM, P.C.

_____
Matthew A. Dodd
*Attorney for Plaintiff*

*Baker v. Gallatin Creeks to Peaks, LLC*, Case No. _____
Complaint, Demand for Jury Trial, and Request for Injunction
−15 of 15−